UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
CYRUS GRIFFIN,

                                          Plaintiff,

               -against-

THE CITY OF NEW YORK, P.O. CHRISTOPHER O'CONNOR,
Shield No. 24675, Individually and in His Official Capacity,
SERGEANT DAVID ALLEVA, Shield No. 1659, Individually
and in His Official Capacity, P.O. SHREEGANES MEADE,
Shield No. 867, Individually and in His Official Capacity,
and P.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacities, (the name "John Doe" being fictitious,
as the true names are presently unknown),

                                       Defendants.
--------------------------------------------------------------------------------X

                                  **COMPLAINT**

                          **JURY TRIAL DEMANDED**

                              **ECF CASE**

       Plaintiff, CYRUS GRIFFIN, by his attorney, Jon L. Norinsberg, Esq., complaining of the

defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

**JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988,

and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28

U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is an African-American male and was at all relevant times a resident of

the City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State Criminal

Procedure Law, acting under the direction and supervision of the aforementioned municipal

corporation, the City of New York.

9.      At all times hereinafter mentioned, the individually named defendants, P.O.

CHRISTOPHER O'CONNOR, SERGEANT DAVID ALLEVA, P.O. SHREEGANES MEADE,

and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were

acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**FACTS**

13.     On or about June 22, 2014, at approximately 10:00 P.M., plaintiff CYRUS GRIFFIN was lawfully present at the corner of 50th Street and Eleventh Avenue, in the County, City and State of New York.

14.     At the aforementioned time and place, plaintiff CYRUS GRIFFIN was walking up Eleventh Avenue when a police car passed by.

15.     The police car then made a U-turn, and began to follow plaintiff CYRUS GRIFFIN.

16.     Plaintiff CYRUS GRIFFIN proceeded to walk up Eleventh Avenue until 57th Street, where defendant police officers got out of their police car and approached plaintiff CYRUS GRIFFIN.

17.     Thereafter, defendant police officers unlawfully arrested plaintiff CYRUS GRIFFIN and took him to the Midtown North Precinct.

18.     At the precinct, defendant police officers falsely accused plaintiff CYRUS GRIFFIN of robbing a bank.

19.     At no time did plaintiff CYRUS GRIFFIN ever rob a bank.

20.     Thereafter, at the precinct, plaintiff CYRUS GRIFFIN was charged with, *inter alia*, Assault, Reckless Endangerment, and Attempted Robbery.

21.     Plaintiff CYRUS GRIFFIN was then taken to Central Booking.

22.     At Central Booking, plaintiff CYRUS GRIFFIN was re-charged on a totally different set of charges.

23.     Plaintiff CYRUS GRIFFIN was now charged with two (2) counts of Criminal Possession of a Weapon in the Second Degree, and not charged with any of the previously mentioned offenses.

24.     In connection with this arrest, defendants filled out false and misleading police reports, and forwarded these reports to prosecutors in the New York County District Attorney's Office.

25.     Specifically, defendant police officers lied about recovering a gun from plaintiff CYRUS GRIFFIN.

26.     At no time on June 22, 2014 did plaintiff ever possess any weapon, much less a firearm.

27.     There was no physical evidence that connected plaintiff CYRUS GRIFFIN to the alleged firearm.

28.     There was no DNA evidence connecting plaintiff CYRUS GRIFFIN to the alleged firearm.

29.     There was no forensic evidence connecting plaintiff CYRUS GRIFFIN to the alleged firearm.

30.     There were no fingerprints connecting plaintiff CYRUS GRIFFIN to the alleged firearm.

31.     In sum, there was *no evidence* whatsoever connecting plaintiff CYRUS GRIFFIN to the alleged firearm.

32.      Further, defendant P.O. MEADE made material and false statements about his observations of plaintiff CYRUS GRIFFIN prior to the arrest.

33.      On April 23, 2014 plaintiff CYRUS GRIFFIN was arraigned and released on his own recognizance.

34.      For approximately one year, plaintiff CYRUS GRIFFIN had to make numerous court appearances to defend himself against the baseless criminal charges filed by defendants.

35.      On January 30, 2015, all charges against plaintiff CYRUS GRIFFIN were dismissed.

36.      As a result of the foregoing, plaintiff CYRUS GRIFFIN sustained, *inter alia*, loss of liberty for approximately two (2) days and multiple court appearances, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTSUNDER 42 U.S.C. § 1983</u>**

37.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.      All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

39.      All of the aforementioned acts deprived plaintiff CYRUS GRIFFIN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     As a result of defendants' aforementioned conduct, plaintiff CYRUS GRIFFIN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

45.     As a result of the foregoing, plaintiff CYRUS GRIFFIN's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants misrepresented and falsified evidence before the District Attorney.

48.     Defendants did not make a complete and full statement of facts to the District

Attorney.

49.     Defendants withheld exculpatory evidence from the District Attorney.

50.     Defendants were directly and actively involved in the initiation of criminal proceedings against CYRUS GRIFFIN.

51.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff CYRUS GRIFFIN.

52.     Defendants acted with malice in initiating criminal proceedings against plaintiff CYRUS GRIFFIN.

53.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CYRUS GRIFFIN.

54.     Defendants lacked probable cause to continue criminal proceedings against plaintiff CYRUS GRIFFIN.

55.     Defendants acted with malice in continuing criminal proceedings against plaintiff CYRUS GRIFFIN.

56.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

57.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CYRUS GRIFFIN's favor when all charges against him were dismissed.

58.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

59.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as if the same were more fully set forth at length herein.

60.    Defendants created false evidence against plaintiff CYRUS GRIFFIN.

61.    Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

62.    In creating false evidence against plaintiff CYRUS GRIFFIN, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

63.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

64.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    The aforementioned individual defendants issued legal process to place plaintiff CYRUS GRIFFIN under arrest.

66.    The aforementioned individual defendants arrest plaintiff CYRUS GRIFFINin order to obtain a collateral objective outside the legitimate ends of the legal process.

67.    The aforementioned individual defendants acted with intent to do harm to plaintiff CYRUS GRIFFIN, without excuse or justification.

68.     As a result of the foregoing, plaintiff CYRUS GRIFFIN sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68"as if the same were more fully set forth at length herein.

70.     Defendants arrested and incarcerated plaintiff CYRUS GRIFFIN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

71.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff CYRUS GRIFFIN.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the  City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CYRUS GRIFFIN as alleged herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffCYRUS GRIFFIN as alleged herein.

76.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CYRUS GRIFFIN was incarcerated unlawfully.

77.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff CYRUS GRIFFIN.

78.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff CYRUS GRIFFIN's constitutional rights.

79.     All of the foregoing acts by defendants deprived plaintiff CYRUS GRIFFIN of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from seizure and arrest not based upon probable cause;

      C.     To be free from unwarranted and malicious criminal prosecution;

      D.     Not to have cruel and unusual punishment imposed upon him; and

      E.     To receive equal protection under the law.

**WHEREFORE**, plaintiff CYRUS GRIFFIN demands judgment in the sum of one million

dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive

damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      July 20, 2016

BY: _____

JON L. NORINSBERG
Jon@norinsberglaw.com
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396